United States District Court
For the District of the District of Columbia

| | |
|---|---|
| **LACKAWANNA COUNTY HEALTH CARE CENTER**, Sturges Road, Olyphant, PA 18447 | : <br> : <br> : |
| **Plaintiff,** | : <br> : <br> : |
| v. | : <br> : |
| Michael O. Leavitt, in his official capacity As Secretary of the U.S. Department of Health And Human Services, c/o General Counsel Department of Health and Human Services 200 Independence Avenue, S.W. Washington, D.C. 20201 | : CASE NUMBER: <br> : <br> : <br> : <br> : Statutory Appeal pursuant to <br> : 42 U.S.C. § 1395oo(f) from <br> : final decision of the Provider <br> : Reimbursement Review |
| **Defendant.** | : Board (PRRB) |

# COMPLAINT

## JURISDICTION AND VENUE

1. This matter seeks judicial review of a final determination of the Provider Reimbursement Review Board (PRRB), pursuant to 42 U.S.C. § 1395oo(f), with respect to reimbursement of a skilled nursing facility participating as a provider in the Medicare Program. Jurisdiction is vested this U.S. District Court pursuant to 42 U.S.C. § 1395oo(f)(1) and 28 U.S.C. §§ 1331 and 1346. Venue is proper in this District pursuant to 42 U.S.C. § 1395oo(f)(1).

## PARTIES

2. Lackawanna County Health Care Center, Plaintiff, is a provider in the Medicare Program operated by the United States of America and administered by the

Secretary of the U.S. Department of Health and Human Services through the Centers for Medicare & Medicaid Services (CMS).

3. Michael O. Leavitt, Defendant, is the Secretary of the U.S. Department of Health and Human Services and is sued in his official capacity only, as the official whose final action is represented by the decision of the PRRB.

## FACTUAL ALLEGATIONS

4. The Provider filed an appeal with the PRRB of a final determination issued on June 6, 2007.

5. The PRRB acknowledged receipt of this Appeal on June 14, 2007 and docketed it as Case No. 07-2190.

6. On August 31, 2007, the Provider notified the PRRB that it had appointed a legal representative for its appeal before the PRRB.

7. The PRRB did not give the Provider's legal representative notice of any due dates for position papers.

8. On October 24, 2007, the Board advised the Provider's legal representative that it had dismissed the entire appeal at Case No. 07-2190 because the provider failed to meet a deadline for filing a preliminary position paper. A true and correct copy of the PRRB's dismissal letter is attached hereto as Exhibit "1."

9. The Provider's legal representative requested reinstatement of the appeal on October 29, 2007. A copy of the reinstatement request is attached as Exhibit "2".

10. By letter of November 26, 2007, the PRRB denied reinstatement of the appeal.

11. The Provider's legal representative was engaged in resolving the dispute with the Fiscal Intermediary, which resolution is dependent on questions of Pennsylvania Medicaid regulations; and, was seeking a ruling on those issues from the Pennsylvania Department of Public Welfare at the time the appeal was dismissed by the Board, which issues are involved in another Pennsylvania provider appeal before the PRRB.

12. Pursuant to 42 U.S.C. § 1395oo(f) and 42 CFR § 405.1877(b), a provider may seek judicial review of a final determination of the PRRB within sixty (60) days of receipt of a final decision of the Board; and, this matter is being filed within the time permitted.

13. The final determination of the PRRB was based on the written record.

14. Plaintiff alleges that the PRRB decision is arbitrary, capricious, an abuse of discretion, and denied the Provider due process of law or otherwise not in accordance with law; and, in addition, that it is not supported by substantial evidence.

**WHEREFORE**, Plaintiff requests this Honorable Court to REVERSE the PRRB decision and REMAND the April 4 Appeal for a hearing on the merits.

                            Respectfully submitted,

                            /s/ Louis J. Capozzi, Jr., Esquire
                            Louis J. Capozzi, Jr., Esquire
                            CAPOZZI AND ASSOCIATES, P.C.
                            2933 North Front Street
                            Harrisburg, PA 17110-1250
                            Telephone: [717] 233-4101
                            FAX       : [717] 233-4103
                            [Attorneys for Plaintiff]

DATE: 1-21-08

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lackawanna County Health Care Center

**DEFENDANTS**
Michael O. Leavitt, in his official capacity as Secretary of the US Department of Health and Human Services

(b) County of Residence of First Listed Plaintiff **Lackawanna County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Louis J. Capozzi, Jr. Capozzi & Associates, PC
2933 N. Front St., Harrisburg, PA 17110 (717) 233-4101

Attorneys (If Known)
General Counsel, Department of Health and Human Services, 200 Independence Ave., S.W., Washington DC

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1395oo(f)
Brief description of cause: Review of final determination of PRRB.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 01-22-2008
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-2288

Suzanne Cochran, Chairperson
Elaine Crews Powell, CPA
Anjali Mulchandani-West, CPA
Yvette C. Hayes
Michael D. Richards, CPA

RECEIVED OCT 26 2007
942-07

OCT 2 4 2007

## CERTIFIED MAIL

Capozzi and Associates, P.C.
Louis J. Capozzi, Jr., Esq.
2933 North Front Street
Harrisburg, PA 17110 1250

RE: Lackawanna County Health Care Center, Provider No. 39-5414, FYE 12/31/2005
    Case No. 07-2190

Dear Mr. Capozzi:

The Provider Reimbursement Review Board (the Board) advised you that this case would be dismissed in its Acknowledgment and Critical Due Dates letter if preliminary position papers were not submitted to the Intermediary by the first of October 2007. You were also advised to supply the Board with a letter certifying that the preliminary position paper due date had been met and a copy of the first page only of the preliminary position paper.

Pursuant to the Board's above cited letter and its Instructions effective March 1, 2002, "If you fail to meet the preliminary position paper due date and fail to supply the Board with the required documentation, the Board will dismiss your appeal for failure to follow Board procedure." Upon review of the above-referenced appeal, it was noted that the preliminary position paper was not submitted to the Intermediary and the required information was not submitted to the Board. Therefore, the Board hereby closes this case and removes it from the docket.

Board Members:                                    For the Board:
Suzanne Cochran, Esq.
Elaine Crews Powell, CPA
Anjali Mulchandani-West, CPA
Yvette C. Hayes
Michael D. Richards, CPA                          Board Member

cc: Highmark Medicare Services
    James Palovick
    120 Fifth Avenue
    Suite P5301
    Pittsburgh, PA 15222

    Wilson C. Leong
    BC & BS Association
    225 North Michigan Avenue
    Chicago, IL 60601-7680

Exhibit "1"

Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Bruce G. Baron, Esquire
Andrew R. Eisemann, Esquire
Douglas A. Snyder, Esquire
Timothy Ziegler, Reimb. Analyst
Karen L. Fisher, Paralegal
Jennifer Kain, Paralegal
* (licensed in PA, NJ and MD)



# Capozzi & Associates, P.C.
## Attorneys at Law

2933 North Front Street
Harrisburg, PA 17110

Telephone: (717) 233-4101
Fax: (717) 233-4103
www.capozziassociates.com

Craig I. Adler, Esq.
Of Counsel

October 29, 2007

Provider Reimbursement Review Board
2520 Lord Baltimore Drive (Suite L)
Baltimore, MD 21244-2670         BY FAX (410-786-5298) AND CERTIFIED MAIL

RE:   PROVIDER'S MOTION TO REINSTATE DISMISSED APPEAL
      Case No. 07-2190 (Dismissal Notice of October 24, 2007) (FYE 12/31/2005)
      Lackawanna County Health Care Center (Provider No. 39-5414)
      Our Matter No. 942-07

Dear Members of the Board:

This letter is the Provider's Motion for the Board to reinstate this matter pursuant to 42 CFR § 405.1885 and the related Board Instructions at Page 15. There is good cause to grant the reinstatement requested.

The Board dismissed this timely appeal because the Provider's Preliminary Position Paper was not submitted to the Intermediary with a copy of the cover letter to the Board or/or before October 1, 2007. Pursuant to the Board's Instructions on reinstatement, a copy of the Provider's Preliminary Position Paper for this matter is enclosed.

The Board's October 24, 2007 Notice states that the Board previously advised the Provider's Legal Representative that this case would be dismissed if the Preliminary Position Paper was not received. The Provider's Legal Representative received no such advice until it received the Board's October 24, 2007 Notice dismissing the appeal. Moreover, the Provider and the Intermediary, prior to October 1, 2007, had been working together to develop a settlement protocol for this matter and had discussed the legal issue involved in this appeal, both over the phone and in email correspondence. There is only one issue in this matter, which is a legal issue that is dependent upon Pennsylvania Medicaid law. The Provider, with the Intermediary's knowledge, has been seeking a formal opinion from Pennsylvania Medicaid officials to resolve this issue. Any delay in filing the position paper therefore has not prejudiced the Intermediary or the timely resolution of this matter.

Exhibit "2"

Provider Reimbursement Review Board
RE: PROVIDER'S MOTION TO REINSTATE DISMISSED APPEAL
   Case No. 07-2190 (Dismissal Notice of October 24, 2007) (FYE 12/31/2005)
   Lackawanna County Health Care Center (Provider No. 39-5414)
Our Matter No. 942-07
October 29, 2007
Page Two

In addition, while the Provider filed a letter with the Board appointing its Legal Representative in this matter prior to October 1, 2007, the special authorization required by Pennsylvania law for the representative to act on behalf of a county-owned facility (16 P.S. § 904) was not received until after October 1, 2007, which also contributed to the delay, since the Legal Representative did not receive notice of the Board's Acknowledgment and Critical Due Dates letter prior to October 1, 2007.

Since the delay in filing the Provider's Preliminary Position Paper resulted in no prejudice to the Intermediary or to the timely resolution of this matter, has now been cured, and will not result in any delay in the scheduled dates for final position papers and hearing, if necessary, in this matter, the Provider requests reinstatement of this appeal and of the single issue of the reduction of Medicare Reimbursable Bad Debts involved in this matter for FYE December 31, 2005, so that the parties can jointly continue their work to amicably resolve this matter in cooperation with Pennsylvania State officials.

Respectfully submitted,

CAPOZZI & ASSOCIATES, P.C.

Louis J. Capozzi, Jr., Esquire

Enclosure.

cc:   James Palovick (Highmark Medicare Services)
   Wilson C. Leong (BCBS Association)

BEFORE THE PROVIDER REIMBURSEMENT REVIEW BOARD

PRRB CASE NO. 07-2190

<u>PROVIDER'S PRELIMINARY POSITION PAPER</u>

PROVIDER APPEAL OF:

LACKAWANNA COUNTY HEALTH CARE CENTRE
PROVIDER NO. 39-5414
FYE DECEMBER 31, 2005

INTERMEDIARY:   HIGHMARK MEDICARE SERVICES
                120 FIFTH AVENUE [SUITE P-5301]
                PITTSBURGH, PA 15222-3099

FILED BY:       LOUIS J. CAPOZZI, JR., ESQUIRE
                CAPOZZI & ASSOCIATES, P.C.
                2933 NORTH FRONT STREET
                HARRISBURG, PA 17110-1250
                TELEPHONE: [717] 233-4101

ISSUES:

        **Issue 1** - **MEDICARE BAD DEBT**
Whether the reduction of reported reimbursable bad debts for $123,472, based on failure to timely bill the State Medicaid Program prior to claiming the costs is in error.

PROPOSED STIPULATIONS OF FACT:

1. The appeals was timely filed.
2. There is no dispute as to jurisdiction.
3. The adjustment is based on the Intermediary's interpretation of applicable Pennsylvania Medicaid regulations relating to billing and not on any interpretation given to the Intermediary by Pennsylvania Medicaid officials.
4. All of the claims were submitted for processing to the State Medicaid Program prior to being claimed on the Medicare Cost Report.
5. None of the claims were eligible for Pennsylvania Medicaid Program payments whether submitted timely or not to the State Medicaid Program.
6. All of the claims were processed by the State Medicaid Program prior to being claimed on the Medicare Cost Report.
7. None of the claims were rejected by the State Medicaid Program for processing because they was either untimely or required to be submitted through the "exceptions process" established by 55 Pa. Code § 1101.68(c).

**ARGUMENT:**

### The Reduction in the Provider's Reimbursable Bad Debt Is Based on an erroneous application of Pennsylvania State Law.

The sole basis for the Intermediary's reduction of the Provider's Reimbursable Medicare Bad Debt in the audit is the Intermediary's presumption that the claims submitted to the Pennsylvania Medicaid Program were submitted untimely or improperly and, therefore, did not comply with the "Must Bill Rule" prior to the Provider's reporting the costs for Medicare Reimbursement. The Intermediary's analysis is based on its presumption that Pennsylvania Medicaid regulations required the claims to be submitted to the Pennsylvania Medicaid Program for processing either within the 180 days specified in 55 Pa. Code § 1101.68(b)(1) or through the "exceptions process" specified at 55 Pa. Code § 1101.68(c,d). The Intermediary agrees that the claims otherwise meet all of the requirements for Reimbursable Medicare Bad Debt. The parties also agree that all of the claims were submitted to the Pennsylvania Medicaid Program for processing prior to being claimed on the Medicare Cost Report and that they were processed and determined not to be eligible for any additional payments for the Medicare premiums, deductibles or copayments involved. Therefore, if the Intermediary's interpretation of the applicable Pennsylvania time limits is wrong, there is no basis for the reduction as a matter of law and the reduction must be reversed. The Intermediary's interpretation of the applicable Pennsylvania time limits is wrong.

Pennsylvania's regulations, 55 Pa. Code §§ 1101.64, 1187.102(a), permit MA providers to bill the MA Program for MA covered services "when the total amount of payment by the third-party resource is less than the Department's fee or rate for the same service" and permit the MA Program to participate in payment of applicable deductibles and co-insurance for Part A services only when "the Medicare payment is less than the nursing facility's MA per diem rate for nursing facility services." Nevertheless, the Department is currently permitting providers to process bills for Medicare deductibles and co-insurance, in order to assist them with meeting the requirements of the Medicare "Must Bill Rule," in cases where the Medicare resource is more than the Department's fee or rate – a "No Pay Bill."

The 180-day billing rule, 55 Pa. Code § 1101.68(b)(1), applies to the dates that MA services or items were rendered or provided. In the case of Medicare deductibles and co-insurance, no MA service or item was rendered or provided. In the case of a prior Medicare payment that is more than the Department's fee or rate for the same service, Program regulations do not permit billing at all.

In a December 5, 2006 email, Exhibit P-4, Department staff advised that the billing code ESC 0546 (claim submitted beyond the 180-day time limit) normally will not set for "No Pay Bills." Exhibit P-4 indicates the Pennsylvania Medicaid Program's interpretation of its own billing limit regulations agreeing that the 180-day time limit and the exceptions process in 55 Pa. Code § 1101.68 do not apply to "No Pay Bills" and that the Department will process such "No Pay Bills" for compliance with the "Must Bill

Rule" even when they are for Medicare services rendered more than 180-days prior to the date that the "No Pay Bill" is processed through the system.

All of the claims involved in this matter were processed by the State Medicaid Agency's claims processing system, which did not reject any of the claims on the basis that they were untimely or required to go through the "exceptions process."

The Pennsylvania Medicaid Single State Agency's interpretation and application of its own regulations must be controlling here; and, therefore, the Intermediary's reduction must be REVERSED.

## EXHIBIT LIST:

P-1*   NOTICE OF PROGRAM REIMBURSEMENT
P-2*   NOTICE OF APPEAL
P-3*   55 Pa. Code Chapters 1101 and 1187
P-4*   December 5, 2006 email from Pennsylvania State Medicaid staff to provider
P-5*   State Medicaid Program Remittance Advice Notices for Claims
*      DOCUMENTS ALREADY IN THE INTERMEDIARY'S POSSESSION

## REQUESTED RELIEF:

**The Provider submits that the following relief is appropriate in these matters:**

1. The Intermediary's reduction in the amount of the Provider's Reimbursable Bad Debt should be reversed and the Provider's reimbursement increased by $123,472.

Very truly yours,

CAPOZZI & ASSOCIATES, P.C.

Louis J. Capozzi, Jr., Esquire
2933 North Front Street
Harrisburg, PA 17110-1250
Telephone: [717] 233-4101
FAX      : [717] 233-4103

[Attorneys for Provider]

5